<u>NOT FOR PUBLICATION</u>                                     [Docket No. 5]

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

|  |  |
|---|---|
| OPERATIVE PLASTERERS & CEMENT MASONS INTERNATIONAL ASSOCIATION LOCAL NO. 8 et al., <br><br> Plaintiffs, <br><br> v. <br><br> SPECIALTY STUCCO RESTORATION, <br><br> Defendant. | Civil No. 05-5879(RMB) <br><br> **OPINION** |

APPEARANCES:

Robert G. Henniger
Spear, Wilderman, Borish, Endy, Spear & Runckel, PC
1040 North Kings Highway
Suite 202
Cherry Hill, New Jersey 08034
     Attorneys for Plaintiffs

**BUMB**, United States District Judge:

This matter comes before the Court upon a motion by Plaintiffs, Operative Plasterers & Cement Masons International Association Local No. 8, Plasterers Local 8 Health and Welfare Fund, Plasterers Local 8 Pension Fund, Plasterers Local 8 Annuity Fund, Plasterers Local 8 Apprentice Fund, Plasterers Local 8 Labor/Management Co-op Committee, Plasterers Local 8 PAC Fund, and Thomas Kilkenny, (hereinafter "Plaintiffs") for the entry of a default judgment in the above-captioned action against

1

Specialty Stucco Restoration, ("Defendant").

I.  **Background:**[1]

Plaintiffs commenced the above-captioned matter against Defendant pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, Section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132, and Section 515 of ERISA, 29 U.S.C. § 1145. Plaintiffs assert that, pursuant to the Collective Bargaining Agreement, ("CBA"), in effect between the parties, that Defendant is required to make certain contributions to the Plaintiff Funds and remit certain payments to the Plaintiffs. (Pl.'s Comp. at 4).

Plaintiffs assert that Defendants have failed to remit required contributions to the Funds and have failed to cure the delinquencies despite notice of the same. Id.  Defendant was served a copy of the summons and complaint in this matter on January 19, 2006. [Docket No. 3].  Notice of Default was entered on June 20, 2006.  Plaintiffs now move for the entry of a default judgment in the aggregate amount of $8,560.86, consisting of a principal amount of $5,859.84, plus liquidated damages of $585.98, prejudgment interest in the amount of $848.54, attorneys

---

[1] Because Defendants have not appeared in this action, the underlying facts are taken from Plaintiffs' Complaint.

fees and costs in the amount of $1,266.50, post-judgment interest at a rate of 7% to run from the date of Judgment until the amount due is satisfied, and an audit and accounting of Defendant's payroll records and books to determine what other amounts may be due.

As of the date of this Opinion and accompanying Order, Defendants have not appeared in this action or otherwise responded to the above-captioned Complaint or Plaintiffs' motion for default judgment.

**II. Standard for Default Judgment:**

Federal Rule of Civil Procedure 55 governs the entry of a default judgment.  Before a default judgment may be entered pursuant to Rule 55(b), a party must have the clerk of the Court enter a default pursuant to 55(a).  De Tore v. Jersey City Public Employees Union, 511 F. Supp. 171, 176 (D.N.J. 1981).  Courts are authorized to enter a default judgment against a defendant who is properly served but who fails to file a timely responsive pleading pursuant to Federal Rule of Civil Procedure 55(b)(2). Anchorage Assoc. v. Virgin Is. Bd. of Tax Rev., 922 F. 2d 168, 177 n.9 (3d Cir. 1990) ("When a defendant fails to appear. . ., the district court or its clerk is authorized to enter a default judgment solely on the fact that the default has occurred.").

Even if a party has properly followed the requirements of

Rule 55, they are not entitled to a default judgment as of right, instead, the entry of such a judgment is left to the sound discretion of the Court.  Hritz v. Woma Corp. 732 F.2d 1178, 1180 (3d Cir. 1984).  The Third Circuit has stated that "discretion is not without limits, however, and we have repeatedly stated our preference that cases be disposed of on the merits whenever practicable." Id. at 1180-81 (citations omitted).

In evaluating a motion for a default judgment, a court must consider three factors: 1) whether a plaintiff will be prejudiced if default is not granted, 2) whether defendant has a meritorious defense, and 3) whether defendant's delay is the result of culpable misconduct.  Carpenters Health & Welfare Fund v. Naglak Design, 1995 U.S. Dist. LEXIS 566, 1995 WL 20848 *2 (E.D. Pa. 1995) (citing Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 73 (3d Cir. 1987)).

While a court should accept well-pled factual allegations of the complaint, it need not accept the movant's legal conclusions or factual allegations regarding the amount of damages.  Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990); Directv, Inc. v. Asher, 2006 U.S. Dist. LEXIS 14027, 2006 WL 680533 (D.N.J. 2006) (citing Charles A. Wright, Arthur R. Miller & Mary Kay Kane, 10A Federal Practice and Procedure § 2688, at 58-59, 63 (3d ed. 1998)).  The Court must conduct its own inquiry "in order to ascertain the amount of damages with reasonable certainty."

In re Industrial Diamonds, 119 F. Supp. 2d 418, 420 (S.D.N.Y. 2000) (citing Credit Lyonnais Securities (USA), Inc. v. Alcantara et al., 183 F.3d 151, 155 (2d Cir. 1999).

**Discussion:**

Section 515 of ERISA states, in pertinent part, that "every Employer who is obligated to make contributions to a multiemployer plan...under the terms of a collectively bargained agreement shall... make such contributions in accordance with...such agreement. 29 U.S.C. § 1145. ERISA section 502(a) permits a plan fiduciary to sue an employer who fails to make the required contributions. 29 U.S.C. § 1132(a). If a court enters judgment in favor of the plan fiduciary, ERISA section 502(g)(2) requires the court to award (1) unpaid contributions; (2) interest on the unpaid contributions; (3) liquidated damages; (4) reasonable attorneys' fees and costs; and (5) other relief the court deems appropriate. 29 U.S.C. § 1132(g)(2).

According to Plaintiffs, the parties in the above-captioned matter are parties to a Collective Bargaining Agreement ("CBA"). (Pl.'s Comp. at ¶ 8). While Plaintiffs have not provided this Court with a copy of the CBA, Defendant's default constitutes an admission of the allegations in the Complaint. See Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990).

In the instant matter, Defendant has not filed any

responsive pleading indicating why default judgment should not be entered in Plaintiffs' favor.  Thus, the Court is "not in a position to determine whether [Defendant] has any meritorious defense or whether any delay is the result of culpable misconduct."  <u>Carpenters Health and Welfare Fund v. Naglack Design</u>, 1995 U.S. Dist. LEXIS 566 at *7 (E.D. Pa. Jan 18, 1995).  The only issue then, is whether the Plaintiffs will be prejudiced if a default judgment is denied.  Because delinquent contributions can negatively impact the Plaintiffs' ability to pay their beneficiaries - Plaintiffs would be prejudiced if default judgment was not entered in their favor.  <u>See</u> <u>Carpenters Health and Welfare Fund v. Bold and Clauss Construction, Inc.</u>, 2006 U.S. Dist. LEXIS 12802 at * 7-8 (E.D. Pa. Mar. 24, 2006).

While the factors may weigh in favor of entering default judgment with regard to liability, the entry of the default judgment with regard to the amount of damages requested by Plaintiffs is inappropriate at this time because Plaintiffs have not provided this Court with sufficient evidence to support the amounts requested.  As discussed above, "[a] default is not an admission of the amount of damages claimed." <u>In re Industrial Diamonds Antitrust Litig.</u>, 119 F. Supp. 2d 418, 420 (S.D.N.Y. 2000).

When faced with damages that are not for a sum certain a court may decline to hold a Rule 55(b)(2) hearing where "the

amount claimed [is] capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." Bds. of Trustees of the Operating Engineers Local 825 Welfare Fund v. Silagy Landscaping Inc., 2006 U.S. Dist. LEXIS 82475 at *9-10 (D.N.J. Nov. 9, 2006) (internal quotations and citations omitted).  In the instant matter, the affidavit of counsel does not adequately demonstrate to this Court how the Plaintiffs arrived at their damages calculation.  Moreover, there has been no documentary evidence submitted in support of said calculations.  As a result, the Court is unable to ascertain whether the requested amount of damages is proper and therefore must hold a hearing unless Plaintiffs can produce sufficient documentary evidence supporting the amount requested.  See Fed. R. Civ. P. 55(b)("in order to enable the court to enter a judgment... the court may conduct such hearings or order such references as it deems necessary and proper....").

*(b) Attorney's Fees*

Plaintiffs also requests attorneys' fees and costs in the amount of $1,266.50.  Because attorney's fees and costs "cannot be ascertained until the damages proceeding is complete", an award of such fees is inappropriate at this time.  IBEW Local No. 43 Pension v. Meacham Elec. Contractors Inc., 2006 U.S. Dist. LEXIS 81698 at * 5 (N.D.N.Y. Oct. 27, 2006).  Moreover, even if

such an award were proper at this juncture, Plaintiffs have not submitted the proper support for the requested amount.

While 29 U.S.C. § 1132 provides for an award of "reasonable attorney's fees and costs of the action," 29 U.S.C. 1132 (g)(2)(D), "[t]he burden rests on the party requesting the award to establish the 'reasonableness' of the "hourly rate and number of hours." Washington v. Philadelphia County Ct. of C.P., 89 F.3d 1031, 1035 (3d Cir. 1996)(citing Blum v. Stenson, 465 U.S. 886, 895-96 n.11 (1984)).  In order to satisfy this burden, the party seeking such fees must "'submit evidence supporting the hours worked and the rates claimed.'" Interfaith Cmty. Org. v. Honeywell Intern., Inc., 426 F.3d 694, 703 n.5 (3d Cir. 2005)(quoting Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990)).

Counsel "must produce satisfactory evidence--in addition to [their] own affidavits--that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Blum v. Stenson, 465 U.S. 886, 896 n. 11 (1984). Mere "conclusory affidavits from counsel" are not enough to establish the reasonableness of a rate.  Furniture Medic, LP v. Faber, 2001 U.S. Dist. LEXIS 19779, 2001 WL 1528337 (E.D. Pa. 2001).

In addition, all applications for counsel fees and expenses

8

must be by affidavit setting forth specific information in five enumerated categories pursuant to Local Civil Rule 54.2(a). These categories include:

> (1) the nature of the services rendered, the amount of the estate or fund in court, if any, the responsibility assumed, the results obtained, any particular novelty or difficulty about the matter, and other factors pertinent to the evaluation of services rendered;
> (2) a record of the dates of services rendered;
> (3) a description of the services rendered on each of such dates by each person of that firm including the identity of the person rendering the service and a brief description of that person's professional experience;
> (4) the time spent in the rendering of each of such services; and
> (5) the normal billing rate for each of said persons for the type of work performed.

L. Civ. R. 54.2(a).

In the instant matter, Plaintiffs request $1,266.50 in attorney's fees and costs. In support of this claim, Plaintiffs only provide the Certification of their counsel of record, Robert F. Henninger, Esquire, which merely states:

> ERISA provides also that Plaintiffs are entitled to recover attorneys' fees and costs in this action. Through the filing of the default requires, attorneys' fees and costs totals to $1,266.50, based on services rendered. Fees in this matter have been billed at rates customarily charged in similar matters to clients of affiant's firm.

(Pls.' Counsel's Affidavit at 7).

Plaintiffs proffer no affidavits, besides that of their

9

Counsel, attesting to the reasonableness of the fee, nor does Henninger's affidavit describe the date of the services rendered, a description of the serviced rendered, the time spent on each service or what the normal billing rate for said service.  As such, the affidavit fails to fulfill the requirements set forth by Local Rule 54.2(a).

Accordingly, Plaintiffs are not entitled to attorney fees until they comply with the local rules and satisfy their burden of establishing the reasonableness of the amount claimed.

**Conclusion:**

In sum, while the Court finds Defendant liable for the breach of the CBA, in light of the above-described deficiencies, Plaintiffs' request for damages is denied without prejudice.  A damages hearing is appropriate unless within thirty (30) days Plaintiffs provide the necessary supplemental information referred to above.

An accompanying Order shall issue this date.


Dated: <u>December 20, 2006</u>          <u>s/Renée Marie Bumb</u>
                                          RENÉE MARIE BUMB
                                          United States District Judge